THE NAVAJO TRIBE OF INDIANS

Plaintiff-Appellee

vs.

FLOYD LAWRENCE

Defendant-Appellant

Decided on March 23, 1979

Andy G. Smith, Chinle, Arizona, for Defendant-Appellant

Wayne A. Cadman, Assistant Chief Prosecutor, Office of the Prosecutor, Window Rock, Arizona, for Plaintiff-Appellee

Before NESWOOD, Acting Chief Justice, and BECENTI and WILSON, Associate Justices

NESWOOD, Acting Chief Justice

I.

On December 21, 1978, members of the Navajo Division of Public Safety in Chinle, Arizona, executed a warrant for search and seizure duly issued by the Honorable Homer Bluehouse, upon the residence of the above named appellant. Upon completion of the search, one-hundred and twenty (120) pints of "Roma" wine and forty-three (43), sixteen ounce cans of Coors beer were taken into custody for evidence. Appellant was arrested on a violation of Title 17, Section 411 of the Navajo Tribal Code, "Delivery of Liquor".

On December 22nd, 1978, Appellant entered a plea of "not guilty" to said charge and a hearing date was set for January 24, 1979,

-17-

before the District Court of the Navajo Nation in Chinle, Arizona, the Honorable Homer Bluehouse presiding.

Appellant was convicted on the 24th day of January, 1979, and duly sentenced to a 180-day jail term. Appellant's motion to modify the sentence dated February 13, 1979, requested the Court to modify and reduce his 180-day jail sentence to a fine of $500.00 and the time he had already served, which was 20 days. This motion was denied on February 14, 1979. On February 23, 1979, Appellant again moved the court to reconsider his sentence and to modify the same to the payment of a $500.00 fine and to reduce his 180-day sentence to the 30 days he had already served. This motion, as well as appellant's stay of execution were denied by order of the District Court signed March 1, 1979. Appellant appealed his conviction to this Court on February 23, 1979.

II.

Appellant presents two issues by this appeal:

1. Was it proper for the District Court to take judicial notice that a bottle of commercial wine with an unbroken seal did in fact contain wine; and

2. Was it proper for the District Court to take judicial notice that the statement of alcoholic content printed on the label of such a bottle was a true and accurate description of the alcoholic percentage of the contents.

III.

Rule 5, Rules of Evidence, provides for Judicial Notice of

Adjudicative Facts. Rule 5(b) states "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the community, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,...." Judge Bluehouse's judicial notice of the fact that the bottle contained wine was entirely proper under both of these criteria. That fact that the seal on the bottle was unbroken was evidence that the bottle was in the same condition as it was at the time it left the Roma bottling plant. It is a generally known fact within the community that a bottle of wine with an unbroken seal contains wine. The label on the bottle itself was a source of information about the contents of the bottle whose accuracy cannot reasonably be questioned. Wine bottling companies are subject to stringent federal and state regulation in their production and labelling of such products.

The same is true with regards to the appellant's argument regarding the alcoholic percentage of the contents of the bottle. It was entirely proper for Judge Bluehouse to take judicial notice of the fact that the label on the bottle stated that the contents were 19% alcohol by volume. Again, the label is a source of information that cannot reasonably be questioned as to its accuracy.

A trial judge must necessarily have much latitude in his ability to take judicial notice. Rules of Evidence 30 and 5 contemplate this discretion. Such a ruling may not be upset unless it is clearly erroneous. To hold otherwise would require the prosecution to produce an expert chemist at every liquor possession or delivery trial, to

identify the liquor as able to produce "alcoholic intoxication" and to state its alcoholic content. Such a requirement would be impracticable when the knowledge both in the community and on the label may be judicially noticed.

Defendant-appellant has twice made application to the District court for modification of his sentence. Both of these applications have been denied. This court will not review the discretion of the District Court unless it appears to be clearly erroneous. Such is not the situation in the instant case.

For all of the reasons set forth above, we hereby AFFIRM the decision of the Chinle District Court.

BECENTI, Associate Justice and WILSON, Associate Justice, concur.